UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON CARTER, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C&S WHOLESALE GROCERS INC., a Vermont Corporation; TRACY LOGISTICS LLC DBA STOCKTON LOGISTICS LLC, a Delaware Limited Liability Company; and DOES 1 TO 50,<br><br>Defendants. | CASE NO. 2:22-cv-02165-KJM-AC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S UNOPPOSED REQUEST TO SEAL** |

Plaintiff Carter submits an unopposed request to seal three documents currently filed on the docket:

    (1) Plaintiff's request for dismissal of the action and exhibit A, ECF No. 28;

    (2) Declaration of Meghan N. Higday in support of dismissal of the action, ECF No. 28-1; and

    (3) Proposed order granting plaintiff's request for dismissal, ECF No. 28-2.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Courts grant requests to seal records in civil cases in only limited circumstances, such as to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from being "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citations omitted).

"Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136. To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Id.* at 1181 (internal citations, quotation marks, and emphasis omitted). "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1182 (internal citation, quotation marks, and emphasis omitted).

/////

1  The court has reviewed the three documents plaintiff wishes to seal and finds only Exhibit A
2 to plaintiff's request for dismissal meets the compelling reasons standard.  Plaintiff has not offered a
3 sufficient explanation for sealing plaintiff's request for dismissal of action, declaration of Meghan
4 Higday in support of dismissal of the action or the proposed order granting plaintiff's request.

5  The **court grants plaintiff's request in part**.  The court directs the Clerk of Court to seal
6 only Exhibit A to plaintiff's request for dismissal of the action.

7  IT IS SO ORDERED.

8 DATED: July 13, 2023.

CHIEF UNITED STATES DISTRICT JUDGE